# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

MARILYN MARGULIS,

    Plaintiff,

v.

EZ HOME SOLUTIONS, LLC,
and JOHN DOES 1-10,

    Defendants.

Cause No.  4:16-cv-01150

## FIRST AMENDED COMPLAINT FOR BREACH OF TELEPHONE CONSUMER PROTECTION ACT AND BREACH OF MISSOURI MERCHANDISING PRACTICES ACT CHAPTER 407

## PARTIES
## PLAINTIFF

1. Plaintiff is a resident of St. Louis County, Missouri and has residential telephone service at her residence using telephone number (636) 536-6446.

2. At all times relevant, Plaintiff Marilyn Margulis had telephone service at (636) 536-6446.

3. Plaintiff Marilyn Margulis telephone number (636) 536-6446 is and was at all relevant times on the Missouri Do Not Call List.

4. Plaintiff Marilyn Margulis telephone number (636) 536-6446 is and was at all relevant times on the National Do Not Call List.

## DEFENDANTS
### EZ Home Solutions, LLC

5. Defendant, EZ Home Solutions, LLC, is a Missouri limited liability company located at 1860 Scherer Parkway, St. Charles, MO 63303-3822.

6. Patrick Miller is the Registered Agent of the Defendant corporation EZ Home Solutions, LLC.

7. Defendant, EZ Home Solutions, LLC, transacts any business in Missouri as

contemplated by RSMo. §506.500(1) and this cause of action arises out of such transaction(s).

8. Defendant, EZ Home Solutions, LLC, has committed one or more tortious acts in Missouri as contemplated by RSMo. §506.500(3) and this cause of action arises out of such act(s).

### John Does 1-10

9. Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

### ACTS OF AGENTS

10. Whenever it is alleged in this Complaint that Defendant did any act, it is meant that the Defendant performed, caused to be performed, and/or participated in the act and/or that Defendant's officers, employees, contractors, assigns, successors, predecessors, affiliates, or other agent performed or participated in the act on behalf of, for the benefit of, and/or under the authority of Defendant(s).

### COUNT ONE- DAMAGES

COMES NOW Plaintiff, Marilyn Margulis, and for her cause of action against Defendants states as follows:

**THE TELEPHONE CONSUMER PROTECTION ACT**

11. 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the promulgated thereunder regulations provides in pertinent part 64.12000(c)(2) et seg which states: (c) No person or entity shall initiate any telephone solicitation to: ...(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.  Such do-not-call registrations must be honored indefinitely, ....".

12. 47 C.F.R § 64.1601(e)(1-2) requires a caller to transmit proper caller identification.

> (e) Any person or entity that engages in telemarketing, as defined in section 64.1200(f)(10) must transmit caller identification information.
> (1) For purposes of this paragraph, caller identification information must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer. It shall not be a violation of this paragraph to substitute (for the name and phone number used in, or billed for, making the call) the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number. The telephone

    number so provided must permit any individual to make a do-not-call request during regular business hours.
(2) Any person or entity that engages in telemarketing is prohibited from blocking the transmission of caller identification information.

13. 47 C.F.R. § 64.1200(d)(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

14. Under the TCPA, as interpreted by the Federal Communications Commission ("FCC"), a company on who's behalf a telephone solicitation is made bears ultimate responsibility for any violations of the TCPA. *In re DISH Network, LLC,* 28 F.C.C. Rcd. 6574, 6590 (2013)

15. Calls placed by a third party on behalf of that company are treated as if the company itself placed the call. *Id.*

16. The phone calls at issue in this case were made by and/or for the benefit of Defendant. Because these calls were made by or "on behalf" of Defendant, Defendant bears the responsibility for any violations of the TCPA, even if Defendant did not directly place the calls. Defendant is also responsible for illegal actions of its agents and is also responsible for any illegal actions conducted in the course of any joint venture with any third party.

**THE MISSOURI NO-CALL LAW**

17. Mo. Rev. Stat. § 407.1098.1 provides:

    No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

18. A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

19. A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

20. Defendants call to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to

    incur time and expense without any consideration in return.  Defendants' practice effectively forced Plaintiff to listen to Defendants' advertising campaign.

21. Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

22. Defendants' actions prevented the Plaintiff's telephone from being used for other purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

23. Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

**THE MISSOURI TELEMARKETING LAW**

24. Mo. Rev. Stat. § 407.1076 provides in pertinent part:

    It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

    (3) Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;

    (4) Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

25. MO Rev. 407.1104  provides in pertinent part:
    1. Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.
    2. No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

**STATEMENT OF FACTS**

26. The Defendant initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 536-6446 on or about August 13, 2015 at 12:45 pm.

27. Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

28. Placing the call violated MO Rev. 407.1098.

29. Plaintiff or her representative (herein after "Plaintiff") at that time told the representative of the Defendant that Plaintiff did not wish to receive any further telephone calls from Defendant and requested Defendant put Plaintiff on their list of people who did not want to receive telephone solicitations made by or on behalf of Defendant as provided by Telecommunications Act of 1934 as amended by the Telephone Consumer Protection act of 1991 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC.

30. The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. § 64.1200(d)(2).

31. Plaintiff or her representative during the August 13, 2015 call requested a copy of the current Do Not Call Policy of the Defendant and provided Plaintiff's full name and address and a representative of Defendant said one would be sent to Plaintiff.

32. Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. §227(c)(5)(c).

33. A copy of the current Written Do Not Call Policy of Defendant as required under the TCPA was not sent within 30 days of the request of Plaintiff resulting in a violation of 47 C.F.R. § 64.1200(d)(1).

34. The CallerID transmitted in the call was "314-819-0911 - UNKNOWN NAME".

35. The number "314-819-0911" is not a number assigned to Defendant and is a disconnected telephone number.

36. Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

37. Upon information and belief additional calls were made to the Plaintiff by or on behalf of Defendants for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, within 12 months of the call above.

## VIOLATIONS OF THE TCPA AND REGULATIONS

38. That the telephone calls to Plaintiff made by Defendant constituted 4 violation(s) of the Federal Telephone Consumer Protection Act §227 and following and the regulations promulgated thereunder FCC (which amended Title II of the Communications Act of 1934, 47 U.S.C. §201 et seq.) which provide for $500 statutory damages for each violation.

39. The TCPA and regulations also provide for tripling of the statutory damages for each violation if the Court finds that the defendant willfully or knowingly violated the statute or the regulations prescribed.

## VIOLATIONS OF MISSOURI CHAPTER 407

40. Placing the calls violated MO Rev. 407.1104, which provide damages in the amount of up to $5,000 per violation.

41. Placing the calls violated MO Rev. 407.1076, which provide damages in the amount of up to $5,000 per violation.

42. Placing the calls violated MO Rev. 407.1098, which provide damages in the amount of up to $5,000 per violation.

## COUNT TWO
### Injunctive Relief

43. Count one is restated as if set forth herein.

44. As provided by 47 U.S.C. §227(b)(3)(A) Defendants or their agent(s) should be permanently enjoined from violating the provisions of the TCPA and Missouri Chapter 407.

WHEREFORE, Plaintiff, prays judgment against Defendants in the amount of $20,000 (four (4) violations x $5,000) for violations of MO Rev. 407 and $6,000 (four (4) violations x $1,500) for violations of the TCPA and/or the regulations promulgated thereunder as provided by 47 U.S.C. §227(c)(5) for total damages of $26,000, that Defendants be enjoined from making telephone calls

in violation of the Missouri statutes and TCPA, plus Court costs and for such other and further relief as this Court deem proper.

/s/ Max G. Margulis
Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 - Residential
F: (636) 536-6652 - Residential
E-Mail: MaxMargulis@MargulisLaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of August, 2016, I submitted the foregoing via this Court's CM/ES system, which served notice of the filing on the Attorney for Defendant, John H. Kilper, #60997, David T. Hamilton, #28166, Hamilton Weber LLC, 200 North Third Street, St. Charles, MO 63301, P: (636) 947-4700, F: (636) 947-1743, Email: dhamilton@hamiltonweber.com and jkilper@hamiltonweber.com and a courtesy copy was also served by email.

/s/ Max G. Margulis